# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

RALPH STEPHEN COPPOLA,

Plaintiff,

v.

JASON B. BROWN, *et al.*,

Defendants.

Case No. 3:25-CV-00755-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

[ECF Nos. 3, 3-2]

Before the Court is Plaintiff Ralph Stephen Coppola's ("Coppola") application to proceed *in forma pauperis* (ECF No. 3), and emergency motion[2] for preliminary injunction (ECF No. 3-2). As Coppola did not file a complaint, the Court will construe Coppola's emergency motion for preliminary injunction as the complaint. For the reasons discussed below, the Court recommends that Coppola's *in forma pauperis* application, (ECF No. 3), be denied as moot, and his complaint, (ECF No. 3-2), be dismissed without leave to amend.

///

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency.' " *Id*. When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. LR 7-4(c). The local rules make clear that "[e]mergency motions should be rare" and that "[t]he court may determine whether any matter submitted as an 'emergency' is, in fact, an emergency." LR 7-4(b)-(c). The court has the discretion to strike the emergency designation of a pleading, and the pleading filed with the court must comply with the local rule. *Tumminello v. Capstone On-Campus Mgmt.*, LLC, No. 2:25-CV-01740-CDS-NJK, 2025 WL 2711865, at *2 (D. Nev. Sept. 22, 2025). The requirements for filing an emergency motion includes but is not limited to the filing of an accompanying declaration that sets forth the nature of the emergency. *Christian v. United States*, No. 2:24-cv-00842-CDS-BNW, 2024 WL 4503947, at *1 (D. Nev. June 17, 2024) (citing LR 7-4). Here, the Court finds that Coppola's motion for preliminary injunction does not comply with the technical requirements of LR 7-4 and the matter does not constitute an emergency. Thus, the Court will not treat the motion as an emergency.

## I.    *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].  The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty."  *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted).  A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Upon review of the application to proceed IFP, (ECF No. 3), the Court cannot determine whether Coppola can pay the filing fee. However, because the Court recommends that this case be dismissed without leave to amend, the Court also recommends that Coppola not be assessed the filing fee and the motion be denied as moot.

## II.    SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint

for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation

marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III.    SCREENING OF COMPLAINT

As stated above, Coppola did not file a complaint in this case. However, based on his status as a *pro se* litigant, the Court will construe his emergency motion for preliminary injunction, (ECF No. 3-2), as the complaint in this case. The complaint contains 26 pages of factual allegations comprising of two factual scenarios: (1) Coppola's desire to remove the sole listed defendant in this case, Jason Brown ("Brown"), as a tenant in Coppola's home; and (2) allegations relating to Coppola's arrest and subsequent criminal proceedings. (ECF No. 3-2 at 2-27.) These allegations are followed by a points and authorities section arguing that Coppola is entitled to the injunctive relief of removing Brown from his home. (*Id.* at 27-33.) Coppola concludes with a prayer for relief seeking only that Brown be immediately removed from his home. (*Id.* at 34.) The Court will first screen the portions of the complaint relating to the tenant dispute before turning to the portions concerning Coppola's state criminal proceedings.

### A.    Tenant Dispute

Coppola first discusses allegations relating to his desire to remove Brown as a tenant in his home. Coppola alleges he owns a home in Reno, Nevada where he lives with his husband, Jesse Solomon ("Solomon"). (ECF No. 3-2 at 2.) Coppola alleges he regularly rents out rooms in the home to tenants. (*Id.*) Coppola alleges he and Solomon rented a room to Brown. (*Id.* at 3.) Coppola alleges Brown "fraudulently failed to disclose" a past traumatic brain injury that causes Brown to hallucinate, become extremely violent,

4

be "terribly unreasonable," enjoy being extremely cruel and assaulting people with false accusations, and be antisocial. (*Id.* at 4-5.) Coppola alleges this has made himself, Solomon, a third roommate, and Coppola's parents "terrified." (*Id.* at 5-6.) Coppola also alleges he and Solomon changed the locks to the home but Brown "still has access to and is stay[ing] in the home." (*Id.* at 7.) Coppola makes many allegations relating to Brown's substance abuse and other "extremely upsetting" events caused by Brown's continued occupancy of Coppola's home. (*Id.* at 7-12.) Coppola argues he is entitled to injunctive relief in the form of a court order directing "the immediate removal of Mr. Brown from [Coppola]'s residence and prohibit Mr. Brown from returning." (*Id.* at 34.)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Moreover, if subject matter jurisdiction is questionable or unclear, the court must raise the issue *sua sponte*. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject matter delineations must be policed by the courts on their own initiative even at the highest level."). Generally, for the court to have original federal subject matter jurisdiction, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.") Alternatively, the Court may exercise supplemental jurisdiction in certain cases. *See* 28 U.S.C. § 1367.

For the Court to have federal question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). Here, the complaint raises only issues of state law relating to landlord-tenant disputes.[3] *See, e.g., Los Cabos*

---

[3] Although Coppola does bring allegations regarding his state criminal proceedings that could be construed as alleging federal claims, as discussed below, those claims should be dismissed from the complaint, without leave to amend, based on the *Younger* abstention doctrine. Consequently, the Court must determine whether

5

*1 v. Ross*, No. 2:16-cv-00817-GMN-GWF, 2016 WL 8114129, at *2 (D. Nev. Oct. 14, 2016) ("Because landlord-tenant disputes are matters of state law they cannot form the basis for federal question jurisdiction.")); *see also* NRS 40.2514 (Nevada statute discussing unlawful detainer actions); NRS 40.414 (process for obtaining eviction following unlawful detainer process through state justice court). Accordingly, because there is no "issue of federal law" raised by Coppola's claim for relief, there can be no federal question jurisdiction over this claim. *Hansen*, 891 F.2d at 1286.

As for diversity jurisdiction, federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). Citizenship is determined by a person's state of domicile, not state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. *See Lew v. Moss,* 797 F.2d 747, 749 (9th Cir.1986). In this case, based on the nature of the proceedings, there is no diversity of citizenship. The only named parties in this case are Coppola and Brown. (ECF No. 3-1, ECF No. 3-2 at 1.) By seeking the removal of Brown as a tenant in Coppola's home, Coppola has alleged that both he and Brown are citizens of Nevada. (ECF No. 3-2 at 1-12, 27-29, 33-34.) Coppola also lists both himself and Brown as residing in Washoe County, Nevada. (ECF No. 3-1.) Coppola further does not allege that the amount in controversy exceeds $75,000. (*See* ECF Nos. 3-1, 3-2.) Consequently, the Court does not have diversity jurisdiction over this case.

Finally, the Court also finds that it lacks supplemental jurisdiction over the state law claims. Courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(b). Because supplemental jurisdiction requires that the Court have original

---

subject matter jurisdiction exists based on only the tenant dispute portions of Coppola's complaint.

jurisdiction over at least one *other* claim, the Court may not exercise supplemental jurisdiction over the state law claims.[4]

Thus, the Court lacks subject matter jurisdiction over Coppola's claims relating to the tenant dispute and therefore recommends that Coppola's complaint be dismissed with prejudice and without leave to amend as to the portion of his complaint alleging a landlord-tenant dispute. *See Cato*, 70 F.3d at 1106 (dismissal without leave to amend is proper where the district court lacks subject matter jurisdiction over the action).

### B.    State Criminal Proceedings

The Court will now address the portion of Coppola's complaint discussing criminal proceedings against him. Coppola alleges that on a Thursday[5] night, he called the Reno Police Department ("RPD") to his home. (ECF No. 3-2 at 13.) Based on the allegations in the complaint, Coppola seems to have called the police because his husband, Solomon, was intoxicated. (*Id.* at 13.) Four days later, on Monday at 3:00 P.M., two RPD officers came to his home. (*Id.* at 15.) Coppola alleges the RPD officers first "pretended" to ask questions about the incident before placing him in handcuffs. (*Id.* at 16.) Coppola was then taken to the Washoe County Jail ("WCJ"). (*Id.*) Charges were filed against Coppola the next day. (*Id.* at 23.) Coppola alleges a bail hearing was scheduled two days after he was arrested, but he was not allowed to attend. (*Id.* at 18.) However, four days after entering WCJ, Coppola had a bail hearing and was released on his own recognizance. (*Id.* at 20.) Coppola was appointed a public defender. (*Id.* at 21.) Coppola was arraigned and a pretrial hearing was set for January 20, 2026. (*Id.* at 23-24.) Coppola then "fired" his public defender because he "lied" to Coppola and committed other "gross failures." (*Id.* at 25.) Coppola alleges he has called the Reno Judicial Court

---

[4]    Again, because the portions of Coppola's complaint relating to his state criminal proceedings cannot proceed based on the *Younger* abstention doctrine, those claims cannot be used to support a finding of supplemental jurisdiction. Furthermore, even if that portion of Coppola's complaint could proceed, it does not appear that the two portions of his complaint are part of the same case or controversy.

[5]    Coppola does not provide specific dates for any days mentioned in this section. (*See* ECF No. 3-2 at 12-27.)

and the Reno Justice Court to ask who his new public defender will be. (*Id.*)

As a threshold matter, it is unclear whether Coppola intends to bring claims relating to these allegations in the complaint. In the prayer for relief portion of the complaint, Coppola only asks that Brown be removed from his home. (ECF No. 3-2 at 33.) Coppola does not list any defendants or causes of action relating to these allegations. (*See id.*) However, Coppola does spend many pages discussing his arrest, public defender, and charges brought against him. (*Id.* at 15-27.) Coppola also includes a section in his points and authorities discussing federal courts "may intervene where extraordinary events" such as his "arrest and multi-failures of law enforcement, the Courts, the DA, [and] the Public Defenders". (*Id.* at 32-33.) Considering Coppola's status as a *pro se* litigant and the Court's obligation to hold the allegations in his complaint to a "less stringent standard," the Court will also screen these allegations. *Hughes*, 449 U.S. at 9 (internal quotations marks and citation omitted).

Assuming Coppola did intend to bring claims arising from these allegations, it appears he is asking the Court to intervene in ongoing state criminal proceedings. The *Younger* abstention doctrine prevents federal courts from interfering with pending state criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court has stated that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while his criminal charges are pending, abstention is "an appropriate response to the parallel state-court proceedings").

To determine if *Younger* abstention applies, federal courts look to whether the state criminal proceeding is "(1) ongoing, (2) implicate[s] important state interests, and (3) provide[s] an adequate opportunity… to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks omitted);

*see also Younger*, 401 U.S. 37. The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmehsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)). "[E]ven if *Younger* abstention is appropriate, federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019) (citing *Arevalo v. Hennessy*, 882 F.3d 763, 765-66 (9th Cir. 2018)) (internal quotation marks and citation omitted).

Based on the allegations, all prerequisites of the *Younger* abstention doctrine apply. Coppola's state criminal case is still pending based on his allegation that he has a pre-trial hearing in his criminal case on January 20, 2026. (*Id.* at 24.) Coppola is therefore the subject of an ongoing criminal proceeding in state court that has not reached final adjudication. The State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Further, the state court criminal proceedings would afford an opportunity for Coppola to raise constitutional claims based on allegations in the complaint.

It appears that Coppola argues that the *Younger* abstention doctrine does not apply because the actions of "law enforcement, the courts, the DA, [and] the public defenders" demonstrate bad faith, harassment, and extraordinary circumstances that will lead to irreparable harm. (ECF No. 3-2 at 32-33.) The bad faith exception to the *Younger* abstention doctrine applies where there are allegation of repeated harassment by enforcement authorities with no intention of securing a conclusive resolution by an administrative tribunal or the courts, *see Younger*, 401 U.S. at 53, or of pecuniary bias by the tribunal, *see Gibson v. Berryhill,* 411 U.S. 564, 578–79 (1973). Here, the timeline of Coppola's allegations show that enforcement authorities have been moving towards a conclusive resolution. Based on the allegations, Coppola was arrested and spent four days in jail before he was arraigned and released on his own recognizance. (ECF No. 3-

2 at 20-21, 24.) Coppola himself stated that the district attorney told the judge at his arraignment that Coppola was a "zero" risk of flight and a "zero" risk of crime." (*Id.* at 20.) A pretrial hearing has been set for January 20, 2026. (*Id.* at 24.) Thus, the allegations demonstrate that enforcement authorities are attempting to seek a timely and conclusive resolution of the case and bad faith does not exist. *Younger*, 401 U.S. at 53.

Next, "[f]ederal courts will not abstain under *Younger* in 'extraordinary circumstances where irreparable injury can be shown.' " *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019) (quoting *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012)). "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Arevalo*, 882 F.3d at 766-67 (citing *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)) (internal quotation marks and citation omitted). The irreparable harm exception has been applied in situations where an individual was incarcerated for over six months without a constitutionally adequate bail hearing, *see id.*, or where a statute "flagrantly and patently" violates "express constitutional prohibitions in every clause, sentence and paragraph." *Younger*, 401 U.S. at 53. Here, the allegations do not support a finding that extraordinary circumstances exist that will cause irreparable harm. While "extraordinary circumstances have not been cataloged fully," Coppola's allegations do not approach the example referred to in *Younger. See Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) (citing *Aiona v. Judiciary of Haw.*, 17 F.3d 1244, 1248-49 (9th Cir.1994)).

Coppola argues he qualifies for this exception generally because the actions of "law enforcement, the courts, the DA, [and] the public defenders" demonstrate bad faith, harassment, and extraordinary circumstances that will lead to irreparable harm. (ECF No. 3-2 at 32-33.) To the extent Coppola is attempting to allege he will be irreparably harmed because "the courts refuse [him] any public defender," Coppola's allegations show that he was provided a public defender, however, Coppola "fired" him. (*Id.* at 21, 25, 27.) Where a defendant does not have the financial ability to hire an attorney and therefore requires the appointment of counsel, the defendant does not have a right to be

represented by *appointed* counsel of his choice. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989) ("[A] defendant may not insist on representation by an attorney he cannot afford.") (quoting *Wheat v. United States,* 486 U.S. 153, 159 (1988)); *United States v. Gonzalez-Lopez,* 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."). "[T]he Sixth Amendment's protection of one's right to retain counsel of his choosing. . . does not go beyond 'the individual's right to spend his own money to obtain the advice and assistance of ... counsel.' " *Caplin*, 491 U.S. at 626 (quoting *Walters' v. National Assn. of Radiation Survivors,* 473 U.S. 305, 370 (1985) (STEVENS, J., dissenting). Based on the allegations, Coppola was provided a public defender, and he does not have a right to demand an alternate public defender. Thus, extraordinary circumstances that will cause irreparable harm are not present in this case.

Consequently, the exceptions to the *Younger* abstention doctrine do not apply. Therefore, the Court recommends that Coppola's complaint be dismissed, without prejudice, but without leave to amend as to claims relating to his state criminal proceedings. *See Cato*, 70 F.3d at 1106 (dismissal without leave to amend is proper where the complaint could not be amended to state a federal claim).

**V.    CONCLUSION**

For the reasons articulated above, the Court recommends that Coppola's application to proceed *in forma pauperis*, (ECF No. 3), be denied as moot, that Coppola's motion for preliminary injunction, (ECF No. 3-2), be construed as his complaint, and that the complaint be dismissed without leave to amend.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Coppola's application to proceed *in forma pauperis* (ECF No. 1) be **DENIED AS MOOT**;

**IT IS FURTHER RECOMMENDED** that Coppola's motion for preliminary injunction, (ECF No. 3-2), be construed as a complaint;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the motion for preliminary injunction, (ECF No. 3-2), as Coppola's complaint;

**IT IS FURTHER RECOMMENDED** that Coppola's complaint, (ECF No. 3-2), be **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND** as to the claims relating to Coppola's tenant dispute.

**IT IS FURTHER RECOMMENDED** that Coppola's complaint, (ECF No. 3-2), be **DISMISSED WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND** as to the claims relating to Coppola's state criminal case.

**DATED**: _January 7, 2026_ .

_____
**UNITED STATES MAGISTRATE JUDGE**