# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| RALPH STEPHEN COPPOLA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JASON B. BROWN, *et. al*.,<br><br>                    Defendants. | Case No. 3:25-cv-00755-MMD-CLB<br><br>ORDER |

On December 23, 2025, *pro se* Plaintiff Ralph Stephen Coppola initiated this action by filing of an application to proceed *in forma pauperis* ("IFP Application") and an emergency motion for preliminary injunction (ECF No. 3-2 ("Motion")). (ECF No. 3.) Plaintiff did not file a complaint. Before the Court is the Report and Recommendation (ECF No. 8 ("R&R")) of United States Magistrate Judge Carla L. Baldwin, treating the Motion as the complaint and recommending that the Court dismiss this action without leave to amend and denying the IFP Application as moot. Plaintiff had until January 21, 2026 to object to the R&R. To date, no objection has been filed. However, Plaintiff filed an *ex parte* motion to supplement the Motion. (ECF No. 9 ("Motion to Supplement".) Having reviewed Plaintiff's filings and the R&R, the Court will adopt the R&R in full.

Plaintiff filed the Motion to Supplement shortly after Judge Baldwin issued the R&R. (ECF No. 9.) In the Motion to Supplement, Plaintiff summarizes court filings, including his filing of an "ex parte emergency motion" with the Ninth Circuit Court of Appeals "[a]fter two full weeks of no order from the District Court."[1] (*Id.* at 3.) Plaintiff also repeats and augments allegations as to the two events alleged in the Motion: the landlord-tenant dispute with Defendant Brown in Reno Justice Court and the state criminal

---

[1]On January 6, 2026, Plaintiff filed a petition for writ of mandamus with the Ninth Circuit Court of Appeals (ECF No. 7) who denied Plaintiff's petition on January 28, 2026 (ECF No. 10).

proceedings arising from Plaintiff's interactions with Reno police officers (initiated by Plaintiff calling law enforcement due to Plaintiff's husband's intoxication and subsequent arrest and charges.)[2] (*Id.* at 3-8.) While Plaintiff's Motion to Supplement repeats allegations in the Motion, the Court will grant the Motion to Supplement in light of Plaintiff's *pro se* status.

As noted, Plaintiff did not file an objection to the R&R. Because there was no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). However, even if the Court were to construe the Motion to Supplement as an objection, which the Court does not, the Court agrees with Judge Baldwin's recommendation after conducting *de novo* review. In the R&R, Judge Baldwin recommends dismissing the claims relating to the landlord-tenant dispute with Brown for lack of subject matter jurisdiction. (ECF No. 8 at 7.) Judge Baldwin found several legal deficiencies with any claims relating to the state criminal proceedings and ultimately found that the Court would be required to abstain from interfering with the state criminal proceedings. (*Id.* at 7-10 (discussing *Young* abstention).) The Court agrees with Judge Baldwin and will adopt the R&R.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 8) is accepted and adopted in full.

It is further ordered that Plaintiff's emergency motion for preliminary injunction will be construed as a complaint (ECF No. 3-2).

It is further ordered that the Clerk of Court is directed to file the complaint (ECF No. 3-2).

---

[2]Judge Baldwin summarized the allegations as to these two events. (ECF No. 8 at 4-8.) The Court adopts her summary and will not repeat the allegations in this order.

It is further ordered this action is dismissed without prejudice and without leave to amend.

It is further ordered that Plaintiff's IFP Application (ECF No. 3) is denied as moot.

It is further ordered that Plaintiff's emergency motion for preliminary injunction (ECF No. 3-2) is denied as moot.

It is further ordered that Plaintiff's ex parte emergency motion to supplement (ECF No. 9) is granted.

The Clerk of Court is directed to close this case.

DATED THIS 3rd Day of February 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE